SNELL & WILMER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GREEN BUILDING INITIATIVE, INC., an Oregon non-profit corporation,

Plaintiff,

v.

GREEN GLOBE INTERNATIONAL, INC., a Delaware corporation; STEVEN R. PEACOCK, an individual residing in California; GREEN GLOBE LIMITED, a company of the United Kingdom; GREEN CERTIFICATIONS, INC., a California corporation; and DOES 1-10, inclusive,

Defendants.

Case No.:2:25-cv-04872 SPG (PVCx)

**STIPULATED PROTECTIVE ORDER**

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure.

Plaintiff Green Building Initiative, Inc. ("Plaintiffs") and defendants Steven R. Peacock, Green Globe Limited and Green Certifications, Inc. ("Defendants," collectively with Plaintiffs, the "Parties"), agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, and/or deposition testimony. This action concerns Plaintiff's claims for relief against Defendants for alleged trademark infringement, unfair competition, breach of contract and unfair trade practices. The parties expect to exchange sensitive and confidential data, documents, and information relating to, among other things, trade secrets, financial data, board actions, and business operations and strategies. The parties agree that the entry of this Stipulated Protective Order ("SPO") is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the Parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1. All documents, testimony, and other materials produced by the Parties in this case and labeled "*Confidential*" or "*Attorneys' Eyes Only*" shall be used only in this proceeding. (Information or documents labeled "*Confidential*" or "*Attorneys' Eyes Only*" and subject to this SPO will from time to time be collectively referred to herein as "*Protected Materials*").

a. "*Confidential Information*" includes information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Rule 26(c) of the Federal Rules.

STIPULATED PROTECTIVE ORDER
CASE NO.: 2:25-CV-04872 SPF (PVCX)

b. "*Attorneys' Eyes Only Information*"[1] includes: (i) highly sensitive design, development, technical, or manufacturing information; (ii) trade secrets; (iii) highly sensitive business planning, strategy, marketing, financial, pricing, customer, or sales information; (iv) information deemed by this Court as confidential; or, (v) any confidential, proprietary, or commercially sensitive information that the disclosing party in good faith believes will result in significant risk of competitive disadvantage or serious harm if disclosed to another party without restriction upon use or further disclosure, or that affords the disclosing party an actual or potential economic advantage over others.

2. Use of any *Protected Materials*, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose. This SPO, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the receiving party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3. The Parties may designate as "*Confidential*" or "*AEO*" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith reasonable basis for asserting is confidential under this SPO. The producing party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of material, documents, items, or communications for which protection is not warranted are not improperly designated. As a general guideline, any information which is publicly available or which may be readily

---

[1] *Attorneys' Eyes Only* Information may also be referred to as *AEO* or *AEO* Information throughout this SPO.

STIPULATED PROTECTIVE ORDER
CASE NO.: 2:25-CV-04872 SPF (PVCX)

SNELL
& WILMER

ascertained from publicly available information, other than made publicly available by a receiving party, shall <u>not</u> be designated as "*Confidential*" or "*Attorneys' Eyes Only*."

4.    Except as otherwise provided in this SPO (*see, e.g.*, Section 4.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this SPO must be clearly designated prior to, or contemporaneously with, the production or disclosure of the information, document, communication, or tangible item.

a.    For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions), the Producing Party shall affix, at a minimum, the legend "*CONFIDENTIAL*" or "*ATTORNEYS' EYES ONLY*" (hereinafter collectively, the "*CONFIDENTIAL legend*"), to <u>each page</u> that contains *Protected Material* in a manner that will not interfere with the legibility of the *Protected Material*.  If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).  The receiving party shall ensure that all copies of any *Protected Material* shall bear the same confidentiality designation given by the producing party.  If *Protected Material* cannot be labeled as described in this section, the producing party shall notify the receiving party in writing of the confidentiality or *Attorneys' Eyes Only* designation.

b.    A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be provisionally designated as "*AEO*."  After the inspecting party has identified the documents it wants copied and produced, the producing party must determine which documents,

STIPULATED PROTECTIVE ORDER
CASE NO.: 2:25-CV-04872 SPF (PVCX)

or portions thereof, qualify for protection under this SPO.  Then, before producing the specified documents, the producing party must affix the appropriate "*CONFIDENTIAL*" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

c.      In the case of depositions, the party or non-party shall advise all parties during the deposition whether the party or non-party intends to designate any portion of the testimony as "*Confidential*" or "*Attorneys' Eyes Only*."  If such notice is given during the deposition, the producing party or non-party shall advise all parties in writing of the specific lines and pages of the deposition that shall be designated as "*Confidential*" or "*Attorneys' Eyes Only*" within ten (10) business days after receipt of the deposition transcript by its counsel.  During the ten (10) business day period, the entire deposition transcript shall be considered as "*AEO*" during the period.  The reporter shall mark "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" on the face of the transcript at the beginning and end of any portions of Confidential Testimony.  Transcripts containing Confidential Testimony shall have an obvious legend on the title page that the transcript contains *Confidential* or *Attorneys Eyes' Only* Materials, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as "*Confidential*" or "*AEO*."  At the request of any party, the court reporter shall prepare a separate, original transcript that does not contain the Confidential Testimony.  Copies of the transcript for counsel's use may contain both the Confidential Testimony and other testimony in a single volume.  Pages of transcribed deposition testimony or

exhibits to depositions that reveal *Confidential* or *AEO* Materials must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

d.    For information produced in some form other than documentary form, and for any other tangible items, the producing party shall affix (to the extent practicable) in a prominent place on the exterior of item, or the container or containers in which the information is stored, the appropriate "CONFIDENTIAL" legend.  If the information or item cannot practicably be marked, the producing party shall notify the receiving party in writing of the scope of any designation under this SPO.  If only a portion or portions of the information warrants protection, the producing party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

e.    The inadvertent failure to designate a document, testimony, or other material as "*Confidential*" or "*AEO*" prior to disclosure shall <u>not</u> operate as a waiver of the party's right to later designate the document, testimony, or other material as "*Confidential*" or "*AEO*."  If at any time prior to the trial of this action, a Producing Party realizes that it unintentionally failed to designate as "*Confidential*" or "*AEO*" any of that Party's Documents or Information produced during discovery in this action, it may so designate such Documents or Information by notifying the other parties in writing.  If such notice is given, all Documents and Information so designated shall be subject to this Order as if they had been initially designated as "*Confidential*" to the extent that such Documents or Information fall within the definition of "*Confidential*" or "*AEO*" Materials.  Promptly after receiving notice from the producing party of a claim that a document, testimony, or other material is "*Confidential*" or "*AEO*," the receiving party or its counsel shall inform the producing party of all

STIPULATED PROTECTIVE ORDER
CASE NO.: 2:25-CV-04872 SPF (PVCX)

SNELL & WILMER

pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to notify any nonparty to whom Disclosure was made about the confidentiality designation and attempt to retrieve such documents and materials to prevent further disclosure.

5.    A party that seeks to file under seal any Protected Material must comply with: (i) Local Rule 79-5 of the Central District of California; (ii) Para. C(5)(a)-(c) of the Court's Standing Order dated July 16, 2025; and, with (iii) any other pertinent orders of the Hon. Sherilyn Peace Garnett or Hon. Pedro V. Castillo, the Presiding Judge and Magistrate Judge assigned to this Action.  Nothing in this SPO shall be construed as automatically permitting a party to file under seal. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. Additionally, such party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if such party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document.  If a party's request to file Protected Material under seal is denied by the Court, then the party who sought to file the document under seal may file the information in the public record unless otherwise instructed by the Court.

6.    Except as otherwise provided herein, use of any information, materials, documents, or portions thereof marked "*Confidential*," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this SPO, unless additional persons are stipulated by counsel or authorized by the Court:

a.    Outside counsel of record for the Parties, and the administrative staff of outside counsel's firms.

b.    In-house counsel for the Parties, and the administrative staff for each in-house counsel.

SNELL & WILMER

STIPULATED PROTECTIVE ORDER
CASE NO.: 2:25-CV-04872 SPF (PVCX)

c.    Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the Parties in this litigation.

d.    Independent consultants and/or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a Party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation and who have signed the Acknowledgment attached hereto as **Ex. A**, which may be signed with a digital signature, such as through Docusign, or Adobe E-sign.[2]

e.    The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

f.    The authors and the original recipients of the documents or a custodian or other person who otherwise possessed and had previously accessed the Information.

g.    Any court reporter or videographer reporting a deposition.

h.    Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the Parties during the litigation of this action.

i.    Any mediator or arbitrator engaged by the named Parties in connection with this Action who has signed the Acknowledgment attached

---

[2]    "*Expert*" and "*Expert Witness*" means a person with specialized knowledge or experience in a matter pertinent to the litigation, other than a fact witness, who has been retained by a party or its counsel to serve as a testifying expert witness or as a non-testifying advisor or consultant. "*Consultant*" means a non-testifying advisor or consultant.  These definitions should in no way be construed as an admission that one party agrees the other party's designation of an "Expert" means the alleged Expert is qualified to offer expert testimony under Rule 702 of the Federal Rules of Evidence or otherwise.

STIPULATED PROTECTIVE ORDER
CASE NO.: 2:25-CV-04872 SPF (PVCX)

SNELL & WILMER

hereto as **Ex. A**.

7. Except as otherwise provided herein, use of any information, materials, documents, or portions thereof marked "*AEO*," including information derived therefrom, shall be restricted solely to the persons listed in Para. Nos. 6(a), 6(d), 6(e), 6(f), 6(g), 6(h), and 6(i), unless additional persons are stipulated by counsel or authorized by the Court.

8. Prior to being shown any documents produced by another party marked "*Confidential*" or "*AEO*," any person listed under Para. No. 6(c) or 6(d) shall agree to be bound by the terms of this Order by signing the agreement attached as **Ex. A** and serving same on the other parties and their counsel.

9. Prior to disclosing any Confidential Information to any *Expert*, *Expert Witness* or *Consultant* described in Para. No. 6(d) ("Person"),

a. The Party seeking to disclose such information shall provide the producing party with written notice that includes: (i) the name of the Person; (ii) an up-to-date curriculum vitae of the Person; and, (iii) the present employer and title of the Person;

b. Within five (5) business days of receipt of the disclosure of the Person, the non-producing Party may object in writing to the Person for good cause and provide a list of dates and times that the objecting party is available to "meet and confer" for the purpose of resolving the matter through the discovery rules established by Judge Castillo, by providing e-mail correspondence to all counsel seeking to provide the Confidential Information to the Person; and,

c. In the absence of an objection at the end of the five (5) business day period, the Person shall be deemed approved under this SPO.

There shall be no disclosure of Confidential Information to the Person prior to expiration of this five (5) business day period. If a discovery dispute is initiated, the parties shall follow discovery rules established by Judge Castillo, and

SNELL & WILMER

STIPULATED PROTECTIVE ORDER
CASE NO.: 2:25-CV-04872 SPF (PVCX)

Confidential Information shall not be disclosed to the Person in question until the Court resolves the objection.

10.     Whenever information designated as "*Confidential*" or "*AEO*" pursuant to this SPO is to be discussed by a Party or disclosed in a deposition, hearing, or pre-trial proceeding, the producing party may exclude from the proceeding any person, other than persons designated in Para. Nos. 7 and 8, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

11.     In the event a Party wishes to make disclosure of *Confidential* or *AEO* Materials to persons other than those referred to in paragraphs 6 or 7 above, the Party must submit to Counsel for the producing party a written notice identifying the relevant *Confidential* or *AEO* Materials and the individuals to whom the party wishes to disclose the Materials. If the request is not resolved consensually between the parties within seven (7) days of receipt of such request, the requesting Party may apply to the Court following the discovery rules established by Judge Castillo, with copies to counsel for the producing party, or party who claims confidentiality, as well as all other counsel of record, requesting the Court to issue an order permitting the petitioning party's proposed disclosure.  A party seeking to disclose *Confidential* or *AEO* Materials as part of any such request to the Court must lodge the *Confidential* or *AEO* Materials under seal pursuant to Paragraph 5 for an in-camera inspection.  The Materials at issue must be treated as *Confidential* or *AEO*, as designated by the producing party, until the Court has ruled on the request. However, no disclosure shall be required of attorney work product or the mental impressions, conclusions, opinions or legal theories of any attorney or other representative of the petitioning party concerning the litigation except as necessary to describe the purpose for which the materials need to be disclosed.

12.     Each party reserves the right to dispute the *Confidential* or *AEO* status claimed by any other Party in accordance with this SPO, except that the parties agree not to dispute designations of non-public financial-information, non-public

STIPULATED PROTECTIVE ORDER
CASE NO.: 2:25-CV-04872 SPF (PVCX)

customer-information, and non-public license agreements. If a Party believes that any documents or materials have been inappropriately designated by another Party, that Party shall, within a reasonable time-frame, submit written objections and grounds for the objections to counsel for the producing Party, and the objecting Party and producing Party shall meet and confer, including via telephone or videoconference, within ten (10) business days from the date of service of the objections. As part of that conferral, the producing Party must assess whether redaction is a viable alternative to complete non-disclosure within five (5) business days from the date of the "meet and confer" conference and inform the objecting Party in writing of their final decision on de-designation. If the parties are unable to resolve the matter informally, the parties shall have five (5) business days from the "meet and confer" meeting to either: (i) agree in writing to de-designate the Documents, Testimony, or Information at issue; and/or, (ii) seek to resolve the matter through the discovery rules established by Judge Castillo. Pending Judge Castillo's final ruling on the matter, any and all existing designations on the Documents, Testimony, or Information at issue in the motion shall remain in place. The producing Party shall have the burden on any motion described herein of establishing the applicability of its "*Confidential*" or "*AEO*" designation. In the event that the objecting Party's objections are neither timely agreed to nor timely addressed in the motion described herein, then such Documents, Testimony, or Information shall be de-designated in accordance with the objecting Party's objections.

13. Nothing in this Order shall be construed as limiting a producing Party's use, dissemination, or disclosure of its own *Confidential* or *AEO* Materials, including but not limited to its own employees, agents, Experts, Expert Witnesses and Consultants. In addition, nothing in this Order shall prevent or in any way limit the disclosure, use, or dissemination of any *Confidential* or *AEO* Materials that:

    a. are or became public knowledge, not in breach of this Order;

STIPULATED PROTECTIVE ORDER
CASE NO.: 2:25-CV-04872 SPF (PVCX)

b. were acquired by a party from a nonparty having the right to disclose such information; or

c. were lawfully learned by a party as a result of that party's own independent efforts, investigation, or inquiry.

The burden shall be on a Party seeking disclosure under subsections a-c to prove that such *Confidential* or *AEO* Materials were lawfully obtained through the above means or sources.

14. Designation by either party of information or documents as "*Confidential*" or "*AEO*" or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the Parties, other than a motion to determine whether the SPO covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "*Confidential*" or "*AEO*."

15. If a receiving Party is served with a subpoena or a court order issued in another litigation or an investigation that compels Disclosure of any Confidential or *AEO* Materials, that receiving party must: (i) within five (5) business days notify in writing the producing Party and provide it with a copy of the subpoena or court order; (ii) within five (5) business days notify in writing the individual or entity that caused the subpoena or order to issue in the other litigation or investigation and provide it with a copy of this Order; and, (iii) cooperate with respect to all reasonable procedures pursued by the producing Party whose *Confidential* Materials may be affected. The producing Party must notify the receiving party within ten (10) business days of receiving the notice and accompanying Information if it intends to seek a protective order to avoid Disclosure of the *Confidential* or *AEO* Materials. If the producing Party timely seeks a protective order, the receiving Party served with the subpoena or court order shall not produce any Confidential or *AEO* Materials before a determination by the

SNELL
& WILMER

STIPULATED PROTECTIVE ORDER
CASE NO.: 2:25-CV-04872 SPF (PVCX)

court from which the subpoena or order issued, unless the producing party consents to such production in writing.  The producing Party shall bear the burden and expense of seeking protection of its Confidential or *AEO* Materials in the court that issued the subpoena or court order.  If the producing Party fails to object or seek a protective order from the court within twenty (20) business days of receiving the notice and accompanying Information, the receiving party may produce the *Confidential* or *AEO* Materials responsive to the subpoena or court order.  Nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this Action to disobey a lawful directive from another court.

16.    Upon the request of the producing party or third party, within thirty (30) business days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the Parties to resolve amicably and settle this case, the Parties and any person authorized by this SPO to receive Protected Materials shall return to the producing Party or third party, or destroy all information and documents subject to this SPO.  Returned materials shall be delivered in sealed envelopes marked "*Confidential*" to respective counsel.  The Party requesting the return of materials shall pay the reasonable costs of responding to its request.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

17.    Nothing contained in this Order shall affect the right, if any, of any party or non-party to make any other type of objection, claim, or other response to interrogatories, to requests for production of documents or subpoenas, or to any questions at a deposition.  Nor shall this Order be construed as a waiver by any party or non-party of any legally cognizable privilege or objection to withhold any document or information, or of any right which any Party or non-party may have to

- 13 -

assert such privilege or objection at any stage of the proceedings.

18. Any non-party producing *Confidential* or *AEO* Materials in this Action may be included in this Order by endorsing a copy of it and delivering the endorsed copy to the party that made the request for Information. The Receiving Party, in turn, shall file the endorsed copy with the Court and serve it on counsel for the other Parties. The Parties to this Action may designate Information produced by other Parties or non-parties as *Confidential* or *AEO* so long as consistent with and subject to the terms and provisions of this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

19. This Order shall not prejudice in any way the rights of any party to introduce as evidence at trial any Document, Testimony, Information, or other evidence subject to this Order that is otherwise admissible or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any Document, Testimony, Information, or evidence subject to this Order. A Party that intends to present or that anticipates that another party may present *Confidential* or *AEO* Materials at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without Disclosing the *Confidential* or *AEO* Materials. The Court may thereafter make such orders as are necessary to govern the use of such Documents or Information at trial. In the event that *Confidential* or *AEO* Materials are used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Producing party applies for and obtains an order from the court specifically maintaining the confidential status of the particular material. Prior to any court proceeding in which *Confidential* or *AEO* Materials are to be used, counsel will confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such *Confidential* or *AEO* Materials.

20. Nothing in this SPO shall prejudice any party from seeking

STIPULATED PROTECTIVE ORDER
CASE NO.: 2:25-CV-04872 SPF (PVCX)

amendments to expand or restrict the rights of access to and use of Protected Materials, or other modifications, subject to order by the Court.

21. The restrictions on disclosure and use of Protected Materials shall survive the conclusion of this action except a party may seek the written permission of the Producing Party or may move the Court for relief from the provisions of this Order and to the extent permitted by law, this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this SPO.

22. This Order may be executed in one or more counterparts, each of which is an original, and all of which together constitute only one agreement between the Parties.

**GOOD CUASE SHOWN BY THE PARTIES' STIPULATION, IT IS SO ORDERED**.

Dated:  April 20, 2026

Hon. Pedro V. Castillo
United States Magistrate Judge

SNELL & WILMER

STIPULATED PROTECTIVE ORDER
CASE NO.: 2:25-CV-04872 SPF (PVCX)

**EXHIBIT A**

**ACKNOWLEDGMENT RE: RECEIPT OF CONFIDENTIAL DISCOVERY MATERIALS**

I, _____ [NAME], declare that:

1.  I am _____ [POSITION AND EMPLOYER].

2.  I have received a copy of the Stipulation and Protective Order ("**Order**") in this Action, *Green Building Initiative, Inc. v. Green Globe International, Inc.*, et al, U.S. District Court, Central District of California Case No. 2:25-cv-04872 SPF (PVCx).

3.  I have carefully read and understand the provisions of this Order and I agree to abide by its terms.

4.  I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use for purposes other than for this Action any materials designated "Confidential" or "Attorneys Eyes' Only" (hereinafter collectively "Confidential Materials") that I receive in this Action, except to the extent that such material designated "Confidential" or "Attorneys Eyes' Only" is or becomes public domain information or otherwise is not deemed "Confidential" or "Attorneys Eyes' Only" in accordance with the Order.

5.  I agree that at the conclusion of the litigation, I will return all Confidential Materials to the party or attorney from whom I received it.

6.  I agree to subject myself personally to the jurisdiction of this Court for the purpose of proceedings relating to my performance under, compliance with, or violation of the Order.

7.  I understand that disclosure of materials designated "Confidential" and "Attorneys Eyes' Only" in violation of the Order may constitute contempt of court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this _____ day of _____, 20__, at _____.

DATED: _____     BY:     _____
                                                        Signature

                                                        _____
                                                        Title

                                                        _____
                                                        Address

                                                        _____
                                                        City, State, Zip Code

                                                        _____
                                                        Telephone Number

SNELL & WILMER

- 16 -